UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER STEWART,<br><br>　　　　　　Petitioner,<br>v.<br>CALVIN JOHNSON, et al.,<br><br>　　　　　　Respondents. | Case No. 2:22-cv-01757-RFB-BNW<br><br>Order Directing Service of Petition and Granting Motion for Appointment of Counsel<br><br>(ECF No. 1-3) |

Christopher Stewart has submitted a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. He has now paid the filing fee. (See ECF No. 4.) The court has reviewed the petition pursuant to Habeas Rule 4, and it will be docketed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. See 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Stewart has also submitted a motion for appointment of counsel. (ECF No. 1-3.) There is no constitutional right to appointed counsel in a federal habeas corpus

1

proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). Here, Stewart was tried and convicted of several counts including robbery, kidnapping, and sexual assault stemming from the violent robbery of a couple outside a Las Vegas convenience store. The court sentenced Stewart to an aggregate term of 43 years to life. (ECF No. 1-2 at 2.) He alleges numerous grounds for federal habeas relief, including ineffective assistance of counsel for failing to timely file a direct appeal and a state postconviction habeas petition. In order to ensure due process, the court grants Stewart's motion and will appoint counsel.

**IT IS THEREFORE ORDERED** that the Clerk of Court detach, file, and electronically serve the petition (ECF No. 1-2) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that the Clerk detach and file the motion for appointment of counsel (ECF No. 1-3).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus. (ECF No. 1-2.) The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED: 6 April 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE